UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stepney, Jr., #141962 )<br>*a/k/a* Wade Stephney, Jr., *a/k/a* Wade Stephney, )<br>*a/k/a* Wade Stepheny, Jr., )<br>     )<br>                    Plaintiff, )<br>     )<br>vs. )<br>     )<br>D. Beckwith, SCDC Warden at Wateree River )<br>Correctional Institution; )<br>Deputy Warden Blanding; )<br>Major Boggs; )<br>Captain Gasden; )<br>Lt. Brown; )<br>Sgt. Davis; )<br>Sgt. Hoosier, )<br>     )<br>                    Defendants. )<br>_____ ) | C/A No. 8:09-771-MBS-BHH<br><br><br><br>Report and Recommendation |

The plaintiff, Wade Stepney, Jr., proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] The plaintiff alleges that he is involuntarily subjected to second-hand smoke in his "Ward One" and that he suffers physical injuries from exposure. The plaintiff seeks injunctive relief. The complaint should be summarily dismissed without prejudice because

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

it is clear from the face of the complaint that the plaintiff has yet to exhaust available administrative remedies.

*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  Title 28 U.S.C. § 1915(e)(2)(B) (1996).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton*, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." Title

28 U.S.C. § 1915A(a) (1996). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. Title 28 U.S.C. § 1915A(b) (1996).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The plaintiff, "a non-tobacco user," alleges that he resides in Ward One of the Wateree River Correctional Institution ("WRCI") and that there is enough contraband

tobacco products being smoked in Ward One that it causes him breathing problems.  The plaintiff alleges that beginning January 2, 2008, the facilities within the South Carolina Department of Corrections became "smoke-free" facilities.  The plaintiff alleges that the defendants have failed to secure and control WRCI for tobacco contraband and that the defendants have provided inadequate training and equipment related to preventing the contraband.  He alleges that the defendants need to obtain "[body] cavity x-ray equipment."  The plaintiff alleges that he has been exposed to second-hand smoke and that it has caused him to have breathing problems and that his medicine to control high blood pressure is not effective due to the second-hand smoke.  He further alleges that he has attempted to obtain appointments with the WRCI medical staff due to exposure to second-hand smoke but that his requests are denied.

The plaintiff alleges that the defendants have deliberately violated his constitutional rights.  The plaintiff seeks the following injunctive relief: defendants be prohibited from retaliating against him for complaining about the second-hand smoke, prohibit the defendants from harassing or using threatening conduct towards the plaintiff, and to prohibit the defendants from denying his requests for medical appointments due to second-hand smoke exposure.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v.*

*Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The plaintiff should not be permitted to bring his § 1983 claims at this time because he is required to give SCDC the opportunity to correct the alleged prison condition problems within Ward One at WRCI. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Title 42 U.S.C. § 1997e(a) (1996). The plaintiff admits on the face of his complaint that he did file a grievance at WRCI on or about February 26, 2009, but that he had not received a response as of the date he prepared his complaint (March 16, 2009). Thus, the plaintiff authored the complaint in this action approximately eighteen days after filing his grievance.

The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a

jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint may be appropriate. See *Jones v. Bock*, 549 U.S. 199 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Anderson v. XYZ Corr. Health Services*, 407 F.3d 674, 683 (4th Cir. 2005) (noting that it is possible that a prisoner's complaint may clearly show that the prisoner has not exhausted his administrative remedies and under those circumstances *sua sponte* dismissal would be appropriate); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (*In forma pauperis* proceedings "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation.").

An SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court. This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. Specifically, the SCDC policy time limits are summarized as follows:

> **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; **(3)** the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

*See* SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.*

Importantly, the SCDC policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, *the grievance will automatically proceed to the next level of appeal. See* Section 13.6 of SCDC Policy issued 1-1-2006 (emphasis added). Accordingly, when the Warden fails to respond to an inmate's Step 1 grievance, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days). Presumably this is because within the SCDC the Step 1 grievance automatically proceeds to the next level of appeal where the Inmate Grievance Coordinator may respond to the inmate and resolve his complaint. The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006) (proper exhaustion of administrative remedies is necessary). After approximately 114 days have passed, he will have exhausted "such administrative remedies as are available." Title 42 U.S.C. § 1997e(a) (1996). *E.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

In this case, it is clearly apparent from the face of the complaint that the plaintiff waited approximately eighteen (18) days from presenting his grievance to SCDC to author his complaint that he filed in this action. Because the plaintiff's February 26, 2009, grievance is still considered pending until approximately 114 days have passed, or until

7

approximately June 22, 2009, this case is a rare circumstance where based on the face of the complaint the action should be summarily dismissed *without prejudice* for failure to exhaust administrative remedies.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

                                              s/Bruce Howe Hendricks
                                              United States Magistrate Judge

April 10, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).