# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Wade Stepney, Jr., #141962, | ) | Civil Action No. 8:09-771-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| D. Beckwith, SCDC Warden at Wateree River, | ) | |
| Correctional Institution; Deputy Warden Blanding; | ) | |
| Major Boggs; Captain Gasden; Lt. Brown; | ) | |
| Sgt. Davis; Sgt. Hosier | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

Plaintiff is an inmate in custody of the South Carolina Department of Corrections ("SCDC"). Defendant is currently housed at the Wateree River Correctional Institution. Plaintiff, proceeding pro se, filed a complaint on April 10, 2009 pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges (1) Defendants have failed to adequately control exposure to contraband tobacco products, second-hand smoke, and janitorial chemicals in Plaintiff's ward;[1] (2) Plaintiff has suffered health problems as a result of his exposure;[2] and (3) Plaintiff has been denied medical care. Plaintiff requests a pretrial hearing, jury trial, and permanent injunction.

---

[1]  In his complaint, Plaintiff alleges "all the SCDC administration, medical staff(s) and security officers has failed, due to inadequate training and equipment, that is sponsor by the SCDC training academy banning tobacco products (contraband), second handed smoke at the SCDC entity WRCI. SCDC needs cavity x-ray equipments." Entry 1, 4 (errors in original).

[2]  In his complaint, Plaintiff alleges that "[d]ue to the serious and hazzard second hand smoke, the Plaintiff is suffering with breathing problems, also second hand smoke side effects, Plaintiff blood pressure medicine has little or no effects on the plaintiff high blood pressure, due to second hand smoke." Entry 1, 3 (errors in original).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. On April 10, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended Plaintiff's complaint be summarily dismissed without prejudice because Plaintiff failed to exhaust available administrative remedies.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objection, Plaintiff states his claim should not have been summarily dismissed because he is not required to exhaust *state* remedies before seeking relief in federal court. Plaintiff cites a number of cases to support his position; however, the court finds these cases are inapposite because they do not address the issue presented in this case: whether the PLRA bars recovery in federal court where an inmate has failed to exhaust administrative remedies available through a prison inmate grievance system. See e.g., Fortner v. Thomas, 983 F.2d 1024 (11th Cir. 2003) (holding that prison inmates have a constitutional right to bodily privacy and dismissal of an inmate's complaint which

includes a claim for monetary damages is inappropriate when dismissal is based on a class action in which the class representatives sought only declaratory and injunctive relief); Bailey v. Beto, 313 F. Supp. 918 (S.D. Tex. 1970) (holding that no federal claim was stated in inmate's complaint because inmate failed to allege that he exhausted state remedies or that the state remedies were inadequate to afford him relief); Greer v. St. Tammany Parish Jail, 693 F. Supp. 502 (E.D. La. 1988) (holding that inmates section 1983 claim should not have been dismissed on the ground that the inmate failed to exhaust state habeas remedies); Johnson v. True, 125 F. Supp. 2d 186 (W.D. Va. 2000) (noting that "the court frequently dismisses, *sua sponte*, complaints on the basis that they fail to state a claim upon which relief may be granted or that they are malicious or frivolous, consistent with the PLRA, without first making an initial determination on jurisdiction based on exhaustion").

Under the PLRA, prisoners are required to exhaust all available administrative remedies before bringing a § 1983 action about prison conditions. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 or this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Thus, Plaintiff was required to exhaust administrative remedies available through the SCDC Inmate Grievance System before filing a claim in federal court.

The Magistrate Judge properly raised the issue of exhaustion *sua sponte* pursuant to Anderson v. XYZ Correctional Health Services, Inc. because he determined from the face of the complaint that Plaintiff failed to exhaust available administrative remedies. 407 F.3d 674, 682-83 (4th Cir. 2005). Under SCDC's Inmate Grievance System, there is a four-step written grievance review and appeals process, whereby inmates must wait approximately 114 days after filing a

written grievance with the prison before filing a complaint in federal court.  See SCDC Grievance System Policy issued 1-1-2006.  Plaintiff filed a written grievance form at the prison on February 26, 2009 and filed the complaint in this case on March 30, 2009.  Because Plaintiff filed his complaint in federal court before the prison grievance review and appeals process was complete, the court finds the complaint was properly dismissed summarily by the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's complaint is summarily dismissed, without prejudice and without issuance and service of process.

**IT IS ORDERED**.

s/Margaret B. Seymour
United States District Judge

January 20, 2010
Columbia, South Carolina